IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-CV-2922-M (BF) |
| | § | |
| KRISTY N. HARGROVE, and | § | |
| WENDELL E. HARGROVE, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action arising out of forcible entry proceedings initiated in Dallas County, Texas to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a Standing Order of Reference.

**Background**

Defendants Kristy N. Hargrove and Wendell E. Hargrove (collectively, the "Hargroves") pleaded in their notice of removal that the Court has subject-matter jurisdiction based on diversity of parties. Notice of Removal [D.E. 1 at 2]. On its own motion, the Court examined the basis for subject matter jurisdiction and found that it was unable to determine whether such jurisdiction existed. Order [D.E. 7 at 2]. The Court therefore ordered the Hargroves on September 23, 2015 to file an amended notice of removal to remedy the defect in the original. *See* Order [D.E. 7 at 2]. Specifically, the Hargroves were to address the value of the right to occupy or possess the property at issue. Order [D.E. 7 at 2]. The Hargroves failed to amend their notice of removal by the October 8, 2015 deadline set by the Court. *See* Order [D.E. at 2-3]. Therefore, the Court makes its findings

and conclusions based on the original notice of removal.

## Legal Standard

"Federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings." *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999). Courts are allowed to question subject-matter jurisdiction because "it is nonwaiveable and delimits federal-court power . . . ." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Subject-matter jurisdiction is necessary to "keep the federal courts within the bounds the Constitution and Congress have prescribed." *Id.* Furthermore, "a federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits." *Id.* at 577 (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998).

## Analysis

Generally, a defendant may remove a civil action from state court to federal court if the action could have been filed originally in federal court. 28 U.S.C. § 1441(a). An action can be filed originally in federal court if subject-matter jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332. Subject matter jurisdiction can exist if the action is based on a federal law question or where diversity of citizenship exists between the parties to the action. *Id.* Diversity of citizenship requires plaintiffs to establish that the matter in controversy exceeds $75,000 and the controversy is between a plaintiff and defendant of different states. 28 U.S.C. § 1332(a)-(b). If a plaintiff does not allege an amount of damages in the state court petition, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the statutory amount][1]." *De Agular v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). "The amount in controversy in a forcible detainer action,

---

[1] When *De Agular* was decided, the statutory minimum amount under 28 U.S.C. § 1332 was $50,000.

such as this one, is the value of the right to occupy or possess the property at issue." *Bank of N.Y. Mellon v. Coleman*, No. 3:13-CV-105-B, 2013 WL 466422, at *1 (N.D. Tex Feb. 6, 2013) (citing *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D.Tex. Aug.16, 2012), *adopted by*, 2012 WL 4005760 (N.D.Tex. Sept.11, 2012).

Here, the Hargroves have failed to "prove by a preponderance of the evidence that the amount in controversey exceeds [the statutory amount]." *See De Agular*, 47 F.3d at 1409. In their notice of removal, the Hargroves pleaded that "[t]he subject real property has a current fair market value of $121,980 according to the Dallas Central Appraisal District." Notice of Removal [D.E. at 2]. However, because this is a forcible entry action, the current fair market value is the incorrect standard for establishing that the matter in controversy exceeds $75,000. *See Coleman*, 2013 WL 466422, at *1. Thus, the Hargroves have failed to plead the value of the right to occupy or possess the property. *See id.* Because they have pleaded the wrong standard, the Hargroves are unable to meet their evidentiary burden. *See De Agular*, 47 F.3d at 1409. Therefore, removal is improper, and the Court does not have subject-matter jurisdiction over the case.

## Recommendation

For the reasons stated, the District Court should remand this case back to state court for further proceedings.

**SO RECOMMENDED**, this 19th day of October, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).